FIN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, # 177281,   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| v.   ) | Civil Action No. 2:15cv881-MHT |
| ) | (WO) |
| CYNTHIA STEWART, *et al.,*   ) | |
| ) | |
| Respondents.   ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate James Calvin Frazier ("Frazier") on November 6, 2015.  Doc. No. 1.[1]  Frazier challenges his guilty plea conviction for second-degree theft of property entered against him by the Circuit Court of Autauga County in May 1994.  For that offense, Frazier was sentenced to a year and a day in prison.  Frazier maintains that the 1994 second-degree theft conviction was improperly used to enhance the 20-year sentence he is currently serving, imposed under Alabama's habitual offender statute, for a manslaughter conviction entered against him by the Circuit Court of Chilton County in December 2002.  Doc. No. 1 at 3.  According to Frazier, his second-degree theft conviction is void because, he says, the value of property stolen was not over $250 and there was a fatal variance between the indictment and the facts of the case.  Doc. No. 1 at 1–2.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.

The respondents argue that Frazier does not meet the "in custody" requirement for a habeas challenge to his 1994 second-degree theft conviction because his year-and-a-day sentence for that conviction expired well before he filed his instant habeas petition and, insofar as his 1994 conviction was used to enhance his 2002 sentence for manslaughter, he may not attack his 1994 conviction because he was represented by counsel in the 1994 proceeding. Doc. No. 9 at 2–5. The respondents also argue that Frazier's petition is time-barred under the one-year limitation period applicable to habeas actions. *See* 28 U.S.C. § 2244(d). Doc. No. 9 at 6–9. The court agrees with the respondents and finds that Frazier's petition should be dismissed without an evidentiary hearing.

## II.   DISCUSSION

Federal district courts have jurisdiction to entertain § 2254 petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3); *Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir. 2000). In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court held that the habeas statute's "in custody" requirement means that "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." 490 U.S. at 490–91. Under *Maleng*, where a petitioner's sentence has fully expired, the petitioner does not meet the "in custody" requirement. *See id*. at 491("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis in original).

2

The Supreme Court has acknowledged, however, that when a § 2254 petition could be construed as asserting a challenge to a current sentence that was enhanced by the allegedly invalid prior conviction, the petitioner is "in custody" for purposes of federal habeas jurisdiction. *See Maleng*, 490 U.S. at 493–94. Still, even though a prisoner may be "in custody" under these circumstances, the mere fact that a prior conviction was used to enhance a present sentence does not entitle the prisoner to challenge the prior conviction. In *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), the Supreme Court held:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403–04 (citation omitted); *see also Daniels v. United States*, 532 U.S. 374, 382–84 (2001).

Under *Lackawanna* (and *Daniels*), an exception to this general rule occurs *only* when the prior conviction was obtained by proceedings where the petitioner was not appointed counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S at 404–05; *see Daniels*, 532 U.S. at 382–84. Thus, the *Lackawanna/Daniels* exception is not implicated where a defendant was represented by counsel during the proceedings related to his prior conviction underlying the expired sentence. *See Hubbard v. Haley*, 317 F.3d 1245, 1256 n.20 (11th Cir. 2003). Moreover, a petitioner seeking relief under this exception must still satisfy the

3

procedural prerequisites—e.g., the statute of limitations—for § 2254 relief. *See Lackawanna*, 532 U.S at 404.

Frazier challenges the validity of his 1994 guilty plea conviction for second-degree theft of property. For that conviction, he was sentenced on May 9, 1994, to a year and a day in prison, with a grant of one month and 19 days of jail credit. Doc. No. 9-1 at 1 & 3. There was no apparent term of probation. Therefore, Frazier's sentence for his second-degree theft conviction fully expired around March 20, 1995—long before he filed his instant habeas petition (on November 6, 2015). As such, Frazier is not in custody under the challenged conviction.

Regarding Frazier's contention that his 1994 second-degree theft conviction was later (i.e., in 2002) used to enhance the 20-year sentence for manslaughter that he is currently serving, the *Lackawanna/Daniels* exception for currently-served enhanced sentences is not implicated in Frazier's case. The respondents have submitted records establishing that Frazier was represented by counsel during the 1994 proceeding in which he pleaded guilty to second-degree theft of property, and Frazier himself acknowledges that he was represented by counsel in that proceeding. *See* Doc. No. 9-1 at 1; Doc. No. 11 at 2. Because Frazier was represented by counsel in connection with his 1994 conviction, the "failure to appoint counsel" exception does not apply and he is precluded from attacking his 2002 sentence through a § 2254 petition. *See Lackawanna* 532 U.S. at 406

Finally, even if the *Lackawanna/Daniels* exception applies to Frazier—and clearly it does not—Frazier's attack on his 1994 conviction for second-degree theft of property is

time-barred under the one-year limitation period applicable to habeas actions, as set forth in 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2]  The Circuit Court of Autauga County imposed the sentence for Frazier's second-degree theft conviction on May 9, 1994.  Frazier did not appeal.  By operation of law, then, the conviction became final 42 days after sentencing, i.e., on June 20, 1994.  *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).  Because Frazier's conviction became final before enactment of AEDPA, Frazier had until April 24, 1997—one year after AEDPA's effective date—to file a timely § 2254 petition challenging his second-degree theft conviction.  *See Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).  Frazier filed no Rule 32 petition in the trial court challenging the conviction; therefore, he cannot benefit from tolling under 28 U.S.C.

---

[2] Title 28 U.S.C. § 2244(d) of AEDPA provides the statute of limitations for federal habeas petitions and states:
> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody under the judgment of a State court.  The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to applying created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through exercising due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review regarding the judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

§ 2244(d)(2). There is no indication that any of the statutory tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) or principles of equitable tolling apply in his case so that the limitation period might be deemed to have expired at some time later than April 24, 1997.[3] Frazier's § 2254 petition was filed some 18 years too late to challenge his conviction for second-degree theft of property.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, because Frazier does not meet the "in custody" requirement for purposes of challenging his 1994 conviction for second-degree theft of property; Frazier was represented by counsel in that proceeding; and Frazier's challenge to that conviction is time-barred under AEDPA's one-year limitation period.

It is further

---

[3] Frazier suggests that AEDPA's limitation period may not be applied "retroactively" to his petition for an offense that occurred before AEDPA's enactment in 1996 because, he says, Congress made no clear statement of intent that AEDPA should be construed retroactively. Doc. No. 11 at 3. However, the issue of impermissible retroactive application of AEDPA's limitation period to pre-AEDPA convictions has been obviated by the holdings in *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209 (11th Cir. 1998), and *Goodman v. United States*, 151 F.3d 1335 (11th Cir. 1998), where the Eleventh Circuit held that, to avoid issues with unfairness and impermissible retroactivity, a habeas petitioner is allowed a "reasonable period" after AEDPA's enactment—specifically one year, i.e. until April 24, 1997—to file a habeas petition challenging a conviction that became final before AEDPA's April 24, 1996 enactment. *See Wilcox*, 158 F.3d at 1211; *Goodman*, 151 F.3d at 1337. Consequently, Frazier's retroactivity argument is unavailing. Moreover, Frazier cannot plausibly argue that he relied on pre-AEDPA law in waiting until November 2015 to challenge his 1994 conviction. *See In re Magwood*, 113 F.3d 1544, 1552–53 (11th Cir. 1997) (applying standard of no-detrimental-reliance in rejecting "retroactivity" challenge to AEDPA's successive petition provisions); *In re Medina*, 109 F.3d 1556, 1562 (11th Cir. 1997), *overruled on other grounds by Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (same).

ORDERED that the parties shall file any objections to this Recommendation or before **February 20, 2018**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE on this 1st day of February, 2018.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE